**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TATIANA KEVYCH,<br><br>Plaintiff,<br><br>v.<br><br>MARC JACOBS INTERNATIONAL, L.L.C.,<br><br>Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Tatiana Kevych ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant Marc Jacobs International, L.L.C. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff created a photograph of model and entrepreneur Hailey Bieber (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account on Instagram known as @marcjacobs (the "*Account*").

4. Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5. Plaintiff is an individual who is a citizen of the State of New Jersey and maintains a principal place of business in Hudson County, New Jersey.

6. Defendant is a Delaware limited liability company with a principal place of



SLG SANDERS · LAW GROUP ·

business at 72 Spring Street, New York in New York County, New York.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

10. Plaintiff is a professional photographer based in the New York metropolitan area who specializes in celebrity and entertainment photography, and whose photographs are distributed through a professional photo agency for licensing to media outlets and other publishers.

11. Plaintiff is a prolific photographer. Between July 22, 2023 and September 7, 2023 alone, Plaintiff published 750 original photographs of public figures, including Emily Ratajkowski, Timothée Chalamet, Blake Lively, Christina Aguilera, and Hailey Bieber, all of which are registered with the USCO.

12. Plaintiff has devoted substantial time, skill, effort, and expense to developing her photography business and creating a portfolio of original photographs.

13. Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

14. Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the photographs that are the subject of this

action.

15. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit her copyrighted photographs.

16. Plaintiff derives income from the licensing and authorized use of her copyrighted works and maintains exclusive rights in the works she creates pursuant to the Copyright Act.

17. Plaintiff relies upon licensing revenue derived from the authorized use of her photographs and actively protects her copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of her copyrighted works, and interferes with the market for authorized licenses.

18. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

19. Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

20. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

21. On August 28, 2023, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

22. Plaintiff published the Photograph by placing it with a photo agency for licensing for the purpose of display and/or public distribution.

23. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

24. On October 23, 2023, the Photograph was registered by the USCO under Registration No. VA 2-373-087.

25. The Photograph was registered within three months after its first publication. See

SLG SANDERS LAW GROUP

17 U.S.C. § 412(2).

26. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B. <u>Defendant's Infringing Activity</u>**

27. Defendant is the registered owner of the Account and is responsible for its content.

28. Defendant is the operator of the Account and is responsible for its content.

29. The Account is a part of and used to advance Defendant's commercial enterprise.

30. Defendant designs, markets, and sells ready-to-wear apparel, handbags, footwear, accessories, and related goods under the Marc Jacobs brand through its retail stores, its e-commerce website, and wholesale channels.

31. Upon information and belief, Defendant uses the Account to market its products to the public, including by featuring celebrities and other public figures wearing or carrying Marc Jacobs products in order to drive consumer demand for, and sales of, those products.

32. The Account is monetized in that it is used to promote Defendant's merchandise and drive sales of that merchandise to the public and, on information and belief, Defendant profits from these activities.

33. Upon information and belief, the Account forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's products, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

34. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of visual-media content through the Account in order to attract audience attention, increase engagement, enhance brand visibility, expand audience reach, promote products and services, and generate commercial value.

35. Upon information and belief, Defendant is a sophisticated fashion business operating in an industry in which the use of professional photography and copyrighted content is prevalent.

36. Upon information and belief, Defendant knew or should have known that the



SLG SANDERS LAW GROUP

Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

37. Upon information and belief, before Defendant posted the Photograph, the Photograph had been posted to Instagram by the stylist whom Defendant tagged in its post, and that stylist's post credited the photo agency through which the Photograph was distributed for licensing. Defendant was therefore on notice that the Photograph was a professionally produced, commercially licensed work owned by someone other than Defendant.

38. Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

39. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

40. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

41. Upon information and belief, Defendant has previously been sued for copyright infringement, including in Peterson v. Marc Jacobs International, L.L.C., No. 1:19-cv-06121 (S.D.N.Y.), which arose from Defendant's unlicensed posting of a professional photographer's photograph of a celebrity to its Instagram account to promote Defendant's clothing, highlighting a pattern of habitual infringement and suggesting Defendant has either failed to rectify systemic issues leading to these infringements or is willfully neglecting copyright laws.

42. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.



SLG SANDERS LAW GROUP

43. On or about September 4, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Account as part of an on-line post at URL https://www.instagram.com/p/Cwxi9k5st5p (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

44. Upon information and belief, the Infringement was a promotional post that identified the celebrity depicted in the Photograph as wearing Marc Jacobs, thereby using Plaintiff's Photograph to advertise Defendant's products to the Account's audience.

45. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

46. Plaintiff first observed the Infringement on December 31, 2023.

47. Plaintiff did not discover the Infringement before December 31, 2023.

48. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

49. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

50. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Account, including Plaintiff's Photograph.

51. Defendant exercised control over the content published on its Account and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

52. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Account by, inter alia, utilizing employees, agents,



SLG SANDERS LAW GROUP

contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

53. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Account on Defendant's behalf.

54. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

55. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Account, including the content containing Plaintiff's Photograph.

56. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Account. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

57. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Account and exercised such control through its Representatives acting within the course and scope of their authority.

58. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

59. Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringement was selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

60. Upon information and belief, the Infringement was not posted at the direction of a



SLG SANDERS LAW GROUP

"user" within the meaning of 17 U.S.C. §512(c), but instead were affirmatively selected and published by Defendant and/or its Representatives.

61. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

62. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

63. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Account.

64. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

65. Upon information and belief, Defendant monitors the content on its Account.

66. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

67. Upon information and belief, the Infringement increased engagement with the Account and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

68. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Account and derived commercial value from the resulting user traffic, engagement, and/or promotional exposure.

69. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities associated with the Infringement.

SLG SANDERS · LAW GROUP ·

70. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

71. Defendant's use of the Photograph harmed the actual market for the Photograph.

72. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

73. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license her work to other commercial entities.

74. On or about March 28, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

75. Thereafter, on or about October 29, 2025 and again on or about November 28, 2025, Plaintiff, through counsel, sent follow-up communications seeking to resolve the dispute without litigation and affording Defendant additional opportunities to address Plaintiff's claims.

76. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, thereby necessitating the commencement of this action.

77. Defendant continued to publicly display the Infringement on the Account after receiving notice of Plaintiff's claims. Such post-notice conduct evidences Defendant's knowledge of Plaintiff's rights and supports a finding that Defendant's infringement was knowing, intentional, and willful.

78. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

79. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST CAUSE OF ACTION
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

80. Plaintiff repeats and incorporates by reference the allegations contained in the

preceding paragraphs, as though set forth in full herein.

81. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

82. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

83. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of her exclusive rights in the copyright to Defendant.

84. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in her copyrights.

85. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

86. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

87. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

88. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

89. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is



SLG SANDERS · LAW GROUP ·

entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
***(Vicarious Copyright Infringement)***

90. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

91. Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives with respect to content appearing on the Account.

92. As a direct and proximate result of such conduct, Defendant profited from and materially benefited from the Infringement.

93. Defendant enjoyed a direct financial benefit from the Infringement from, *inter alia*, the promotion of its merchandise to the Account's audience and the resulting consumer interest in and sales of that merchandise.

94. Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of Plaintiff's Photograph to increase user engagement with the Account, thereby promoting Defendant's products and increasing its sales.

95. Defendant is liable as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringement, derived a direct financial benefit from the Infringement, and failed to prevent or stop the Infringement.

96. Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

97. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each



SLG SANDERS · LAW GROUP ·

copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

98. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of her reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

99. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of her copyrights pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

100. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

SLG SANDERS · LAW GROUP ·

DATED: November 17, 2026

**SANDERS LAW GROUP**

By: *___/s/ Craig Sanders___________*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129778

*Attorneys for Plaintiff*

SLG SANDERS LAW GROUP